**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS GRIJALVA-MARTINEZ,

    Defendant - Appellant.

No. 21-4119
(D.C. No. 4:19-CR-00003-DN-PK-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Jesus Grijalva-Martinez's plea agreement pursuant to *United States*

*v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam), and 10th Cir.

R. 27.3(A)(1)(d).  Exercising jurisdiction under 28 U.S.C. § 1291, we grant the

motion and dismiss the appeal.

Mr. Grijalva-Martinez pleaded guilty to two counts of distributing 50 grams or

more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  In exchange for his

guilty plea, the government agreed to recommend that he be sentenced at the low end

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the sentencing guideline range determined by the district court.  As part of the plea agreement, Mr. Grijalva-Martinez waived his right to appeal his sentence and the manner in which it was determined unless the sentence exceeded the statutory maximum or was "above the high-end" of the applicable guideline range.  Mot. to Enforce, Attach. A at 4.  Both by signing the written plea agreement and in his responses to the court's questions at the change of plea hearing, he acknowledged that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and the appeal waiver.

The court accepted the plea and, applying a guideline range of 121 to 151 months, sentenced Mr. Grijalva-Martinez to 120 months' imprisonment—the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A).  Despite receiving a below-guideline-range sentence that is well below the statutory maximum of life imprisonment, *see id.*, he filed a notice of appeal.  His docketing statement indicates that he intended to appeal his sentence on the ground that the district court did not grant a sufficient variance under the facts presented at sentencing.

In response to the government's motion to enforce the appeal waiver, Mr. Grijalva-Martinez's counsel cited *Anders v. California*, 386 U.S. 738, 744 (1967), and stated that Mr. Grijalva-Martinez has no non-frivolous argument against enforcement of his appeal waiver.  Counsel also requested permission to withdraw from representing Mr. Grijalva-Martinez.  *See id.*  We gave Mr. Grijalva-Martinez an opportunity to file a pro se response to the motion to enforce, but he has not done so.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcing it would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Having reviewed the proceedings in accordance with our obligation under *Anders*, *see* 386 U.S. at 744, we conclude that the *Hahn* factors have been met and that there is no non-frivolous argument to make against enforcing the appeal waiver.

Accordingly, we grant the government's motion to enforce the appeal waiver in Mr. Grijalva-Martinez's plea agreement and dismiss this appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court
Per Curiam